1  ERIC P. ISRAEL (State Bar No. 132426)
   *eisrael@DanningGill.com*
2  JOHN N. TEDFORD, IV (State Bar No. 205537)
   *jtedford@DanningGill.com*
3  UZZI O. RAANAN (State Bar No. 162747)
   *uraanan@DanningGill.com*
4  ALPHAMORLAI L. KEBEH (State Bar No. 336798)
   *akebeh@DanningGill.com*
5  DANNING, GILL, ISRAEL & KRASNOFF, LLP
   1901 Avenue of the Stars, Suite 450
6  Los Angeles, California 90067-6006
   Telephone: (310) 277-0077
7  Facsimile: (310) 277-5735

8  Attorneys for Jerry Namba, Chapter 7 Trustee

9              **UNITED STATES BANKRUPTCY COURT**

10             **CENTRAL DISTRICT OF CALIFORNIA**

11                   **NORTHERN DIVISION**

12  In re                          Case No. 9:18-bk-12079-DS

13  SUPER98, LLC,                  Chapter 7

14          Debtor.                **TRUSTEE'S NOTICE OF MOTION AND
                                   MOTION TO AUTHORIZE SALE OF
15                                 CERTAIN PERSONAL PROPERTY FREE
                                   AND CLEAR OF LIENS;
16                                 MEMORANDUM OF POINT AND
                                   AUTHORITIES, DECLARATIONS OF
17                                 JERRY NAMBA AND ROD MANSER
                                   AND REQUEST FOR JUDICIAL NOTICE
18                                 IN SUPPORT THEREOF**

19                                 Date:    May 10, 2022
                                   Time:    11:30 a.m.
20                                 Place:   Courtroom 201
                                            1415 State Street
21                                          Santa Barbara, California 93101

22

23

24

25

26

27

28

1675745.3  26881                         1

1

# <u>TABLE OF CONTENTS</u>

2                                                                                              <u>Page</u>

3    MEMORANDUM OF POINTS AND AUTHORITIES ................................................................7

4    I.    FACTUAL STATEMENT ...........................................................................................7

5          A.    Bankruptcy Background ................................................................................7

6          B.    The Property to be Sold ................................................................................7

7          C.    The Proposed Sale ........................................................................................8

8          D.    Proposed Treatment of Liens Against the STC Materials ...........................8

9          E.    The Trustee's Marketing Efforts and Proposed Sale ...................................9

10   II.   PROPOSED OVERBID PROCEDURES ...................................................................10

11   III.  LEGAL ARGUMENT................................................................................................12

12         A.    The Proposed Sale of the STC Materials is Supported by the Trustee's Sound Business Judgment and is in the Best Interests of the Debtor's Estate and Its
13               Creditors .....................................................................................................12

14         B.    The EDD's Claim Should be Subordinated Pursuant to 11 U.S.C. § 724(b) ............13

15         C.    Levine's Claim is no Longer a Secured Claim ...........................................13

16         D.    Security Finance's Debt was Fulfilled Prior to the Petition Date...............13

17         E.    Senior Operations does not have a Valid Claim to the STC Materials ...................13

18         F.    The Proposed Sale May be Authorized Under Section 363 of the Bankruptcy Code....................................................................................................14
19

20         G.    The CCEF Lien is Subject to a Bona Fide Dispute ....................................15

           H.    The Trustee Requests that the Court Find that the Buyer and Any Backup
21               Buyer Are Good Faith Purchasers Pursuant to Section 363(m) of the
                 Bankruptcy Code........................................................................................16
22

     IV.   CONCLUSION..........................................................................................................17
23

     DECLARATION OF JERRY NAMBA......................................................................................18
24

     DECLARATION OF ROD MANSER........................................................................................21
25

     REQUEST FOR JUDICIAL NOTICE ......................................................................................23

26

27

28

# TABLE OF AUTHORITIES

**Page**

**CASES**

Ewell v. Diebert (In re Ewell),
    958 F.2d 276, 281 (9th Cir. 1992) ........................................................ 16

In re Continental Air Lines, Inc.,
    780 F.2d 1223, 1226 (5th Cir. 1986) .................................................... 12

In re Derivium Capital, LLC,
    380 B.R. 392, 404 (Bankr. D.S.C. 2007) ............................................. 12

In re Lahijani,
    325 B.R. 282, 289 (B.A.P. 9th Cir. 2005) ............................................ 12

In re Lionel Corp.,
    722 F.2d 1063 (2d Cir. 1983) ............................................................... 12

In re Pine Coast Enters., Ltd.,
    147 B.R. 30, 33 (Bankr. N.D. Ill. 1992) ............................................... 16

Stephens Indus., Inc. v. McClung,
    789 F.2d 386, 390 (6th Cir. 1986) ........................................................ 12

**STATUTES**

11 U.S.C. § 363(b)(1) ............................................................................... 12

11 U.S.C. § 363(f) ..................................................................................... 14

11 U.S.C. § 363(f)(4) ................................................................................ 14

11 U.S.C. § 363(f)(5) ................................................................................ 15

11 U.S.C. § 363(m) ................................................................................... 16

11 U.S.C. § 502(d) ............................................................................. 15, 16

11 U.S.C. § 503(b)(1)(A) .......................................................................... 13

11 U.S.C. § 507(a)(1) ................................................................................ 13

11 U.S.C. § 510(b) .................................................................................... 15

11 U.S.C. § 547 .................................................................................. 15, 16

11 U.S.C. § 704(a)(1) ................................................................................ 12

11 U.S.C. § 724(b) .................................................................................... 13

11 U.S.C. § 724(b)(2) ............................................................................... 13

## TABLE OF AUTHORITIES
### (Continued)

**Page**

CCP § 697.530(a) ................................................................................................................... 14

TO THE HONORABLE DEBORAH J. SALTZMAN, UNITED STATES BANKRUPTCY JUDGE AND INTERESTED PARTIES:

PLEASE TAKE NOTICE that on May 10, 2022, at 11:30 a.m., or as soon thereafter the matter may be heard, in Courtroom 201 of the United States Bankruptcy Court, 1415 State Street Santa Barbara, California, Jerry Namba, the Chapter 7 trustee (the "Trustee") for the estate of Super98, LLC (the "debtor"), will and hereby does move (the "Motion") the Court under 11 U.S.C. § 363, and Local Bankruptcy Rules 6004-1(c) and 9013-1, for an order authorizing the sale of certain of the debtor's property relating to a suspended certificate issued by the Federal Aviation Administration ("FAA"). The proposed sale is pursuant to a Purchase and Sale Agreement (the "PSA"), a copy of which is attached hereto as Exhibit "1."

This Motion is made on the following grounds: The Trustee is requesting authority to sell the property free and clear of liens pursuant to 11 U.S.C. § 363(f).

Pursuant to Local Bankruptcy Rule 6004-1(c), the Trustee provides the following information:

A.    The date, time and place of the hearing on the Motion are set forth above.

B.    The Trustee has proposed the sale of the property to DC Aviation, LLC, a Washington Limited Liability Company located at 1200 Westlake Ave., Suite 200, Seattle, WA 98109 ("DCA" or the "Buyer"), subject to possible overbidding. DCA is related to the debtor in that Rod Manser, the initial founder of the debtor in 2007, is a member of DCA. Mr. Manser resigned in April 2011, but was retained by the debtor in the summer of 2018 to revitalize it as a going concern up until the involuntary petition was filed against the debtor. Mr. Manser still has a 5% membership interest in the debtor.

C.    The property to be sold consists of the Trustee's right, title, and interest in certain documents in the Trustee's possession or control, including those held in the Trustee's storage, relating to: suspended FAA Supplemental Type Certificate ST02372LA for certain aircraft parts, which include without limitation, drawings, engineering specifications, material specifications, process specifications, aircraft manuals, schematics, and all other documents referring and/or relating to the same (collectively, "STC Materials").

D.      Any and all contingencies agreed to relating to the sale have been waived, and thus the sale will not be contingent upon any events or conditions other than this Court's approval and potential overbidding.  The STC Materials will be sold for **$40,000 (the "Proposed Sale Price")** in an "as is," "where is" condition, with no warranty or recourse whatsoever.

E.      Based on a review of the debtor's schedules, a UCC search against the Debtor's property, and proofs of claim filed in the debtor's case, the record of encumbrances against the STC Materials are: (1) a tax lien in favor of the State of California Employment Development Department (the "EDD") in the amount of $145.46 based on its Notice of State Tax Lien filed with the California Secretary of State against the Debtor's assets on or about May 3, 2016, filing no. 16-7523342255 (the "EDD Notice"); (2) a purported lien in favor of Laurence H. Levine ("Levine") based on his UCC Financing Statement filed with the California Secretary of State against the Debtor's assets on or about September 20, 2017, filing no. 17-7607073937 (the "Levine UCC"); (3) a purported lien in favor of Security Finance 1 LLC ("Security Finance") based on its UCC Financing Statement filed with the California Secretary of State against the Debtor's assets on or about April 25, 2018, filing no. 18-7645621131 (the "Security Finance UCC"); (4) a purported judgment lien in favor of Senior Operations LLC ("Senior Operations") based on its Notice of Judgment Lien filed with the California Secretary of State against the Debtor's assets on or about September 14, 2018, filing no. 18-7670024015 (the "Senior Operations Notice"); (5) a purported lien in favor of Cardinal Collection Education Foundation, Martin Logies, and John Skirtich (collectively, the "CCEF Parties") in the amount of $3,981,899.41 against the Debtor's assets based on its Notice of Lien filed on or about September 19, 2018 in the Debtor's litigation against Delta Air Lines, Inc. in the United States District Court for the Northern District of Georgia, case no. 1:16-cv-1535, pursuant to which the CCEF Parties filed a proof of claim in the Debtor's case on or about May 9, 2019, which was assigned claim number 13 by the Clerk of the Court (the "CCEF POC").  The liens and claims in favor of the EDD, Levine, Security Finance, Senior Operations, and the CCEF Parties are referred to hereinafter collectively as the "Subject Liens."

The Trustee intends to sell the STC Materials free and clear of the Subject Liens.  First, the EDD Notice will be subordinated and treated in accordance with 11 U.S.C. § 724(b).  Second, the

1  claim underlying the Levine Lien has been amended to be a general unsecured claim pursuant to an

2  order of this Court.  Third, the claim underlying the Security Finance UCC was paid in full.

3  Accordingly, Security Finance has no claim to the STC Materials.  Fourth, the judgment lien in

4  favor of Senior Operations never attached to any of the STC Materials.  Fifth, the Trustee disputes

5  the CCEF POC on two theories set forth in a pending adversary proceeding, as a result of which it

6  is disputed: (1) the claim relates to the sale or transfer of the Debtor's stock and should be

7  subordinated accordingly per 11 U.S.C. § 510(b); and (2) the CCEF POC should be disallowed

8  because the CCEF Parties received a preferential transfer that has not been returned to the Debtor's

9  estate (§ 502(d)).

10      Accordingly, the Trustee requests that the sale be free and clear of the Subject Liens, and

11  that the liens and claims asserted by the EDD, Senior Operations, and the CCEF Parties be

12  removed from the STC Materials, with only the liens in favor of the EDD and CCEF attaching to

13  like amounts of the net sale proceeds, with the same force, effect, validity and priority that they had

14  as of the petition date against the STC Materials.

15      F.    The proposed sale is subject to higher and better bids and, by way of this Motion,

16  the Trustee is requesting that the Court approve the overbid procedures described in the

17  accompanying memorandum of points and authorities, summarized as follows:

18          1.    **Minimum initial overbid**: $45,000 ($5,000 above the Buyer's current

19  offer).

20          2.    **Minimum overbidding increments**: $1,000.

21          3.    **Initial overbid deposit**: $10,000.

22          4.    **Qualification for overbidding**: At least three business days prior to the

23  commencement of the hearing on this Motion, any party wishing to overbid on the Property must

24  deliver to the Trustee c/o Danning, Gill, Israel & Krasnoff, LLP, Attn: Eric P. Israel or

25  Alphamorlai L. Kebeh, 1901 Avenue of the Stars, Suite 450, Los Angeles, California 90067:

26          (a) a cashier's check payable to "Jerry Namba, Trustee" in the amount of $10,000,

27  and

28

1    (b) a written, executed overbid in the form attached as Exhibit "2" to the Trustee's

2    declaration.

3    In any event, no party will be allowed to bid on the STC Materials absent a timely delivery

4    of the initial overbid deposit and the written, executed overbid form.  The Trustee in his sole

5    discretion may determine that a party desiring to bid is not qualified due to insufficient

6    documentation or financial qualifications.  Accordingly, any party wishing to bid is encouraged to

7    contact the Trustee's counsel at least one week before the hearing to ensure qualification.

8    G.    **Back-up bidders**: Any qualified overbidder who is not the successful overbidder

9    may opt to be a back-up bidder, subject to Trustee's approval, in which case such back-up bidder's

10   initial deposit will be retained by the Trustee until the sale closes.

11   H.    **Estimated Net Sale Proceeds**: The opening sale price for the STC Materials is

12   $40,000.  The liens and claims of the EDD and the CCEF Parties will attach to the net proceeds of

13   the sale.

14   I.    **Anticipated Taxes**: The Trustee has consulted with his accountant and, based

15   thereon, does not anticipate that there will be any Federal and/or California income taxes due as a

16   result of the proposed sale of the STC Materials.

17   J.    **Good Faith Finding:** The Trustee also seeks a Court ruling that the party or parties

18   to whom the Court confirms the sale and any backup buyers are good faith purchasers for purposes

19   of 11 U.S.C. § 363(m).

20   This Motion is based upon this Notice of Motion and Motion, the attached Memorandum of

21   Points and Authorities, the Declaration of Jerry Namba, and the Trustee's Request for Judicial

22   Notice; the papers and pleadings in the debtor's bankruptcy case; and such other evidence that may

23   be presented at the hearing.

24   **PLEASE TAKE FURTHER NOTICE THAT PURSUANT TO** Local Bankruptcy Rule

25   9013-1(f), each interested party opposing, joining in, or responding to the Motion must, not later

26   than 14 days before the date of the hearing, file with the Clerk of the Bankruptcy Court and serve

27   upon the Trustee's general counsel, Eric P. Israel, Danning, Gill, Israel & Krasnoff, LLP, 1901

28   Avenue of the Stars, Suite 450, Los Angeles, California 90067-6006, and the United States Trustee,

1  915 Wilshire Blvd., Suite 1850, Los Angeles, California 90017, either: (i) a complete written

2  statement of all reasons in opposition thereto or in support or joinder thereof, declarations and

3  copies of all photographs and documentary evidence on which the responding party intends to rely,

4  and any responding memorandum of points and authorities; or (ii) a written statement that the

5  Motion will not be opposed.

6        Pursuant to Local Bankruptcy Rule 9013-1(h), failure to timely file and serve papers may

7  be deemed by the Court to be consent to the granting of the Motion.

8

9  DATED:  March 18, 2022             DANNING, GILL, ISRAEL & KRASNOFF, LLP

10

11                       By:      */s/ Alphamorlai L. Kebeh*

12                            ALPHAMORLAI L. KEBEH

13                            Attorneys for Jerry Namba, Chapter 7 Trustee

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**FACTUAL STATEMENT**

**A.      Bankruptcy Background**

On or about December 17, 2018 (the "Petition Date"), an involuntary petition for relief under Chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") was filed against Super98, LLC (the "debtor") by Jeremy W. Faith, as Chapter 7 trustee for the estate of Robert Hesselgesser M.D. ("Hesselgesser").  The order for relief was entered on or about February 8, 2019 *(docket no. 12)*.  On or about February 13, 2019, Jerry Namba accepted appointment as the Chapter 7 trustee (the "Trustee") for the debtor's estate *(docket no. 15)* and continues to serve in that capacity for the benefit of the estate and its creditors.

The debtor operated a business which specialized in the design, manufacture and sale of aircraft parts, with its principal place of business in Thousand Oaks, California.  Prior to the filing of the involuntary bankruptcy case against Hesselgesser on or about August 31, 2017, Hesselgesser was a member of the debtor and a creditor of the debtor.

**B.      The Property to be Sold**

1.      The STC Materials

The Trustee is control of certain documents relating to: a suspended Federal Aviation Administration ("FAA") Supplemental Type Certificate (ST02372LA) for certain aircraft parts ("Parts"), which include without limitation, drawings, engineering specifications, material specifications, process specifications, aircraft manuals, schematics, and all other documents referring and/or relating to the same (collectively, the "STC Materials").  The STC Materials are, by similar contracted licensure, the property of Boeing that were issued to the debtor for the purpose of allowing the debtor to manufacture the Parts.  The Trustee is currently holding the STC Materials in storage, where he has attempted to segregate the STC Materials from the Parts and any other materials.

**C.    The Proposed Sale**

The Trustee received an offer from DC Aviation, LLC ("DCA" or the "Buyer") to purchase the STC Materials for $40,000.  The Trustee accepted the offer, subject to Court approval and overbids.  A copy of the Purchase and Sale Agreement is attached as Exhibit "1" to the Declaration of Jerry Namba (the "Trustee's Declaration") attached hereto.

The proposed sale of the STC Materials is "as is," "where is," with no warranty or recourse whatsoever, subject only to overbid and Court approval.  The proposed sale was reached via arms-length negotiations.

**D.    Proposed Treatment of Liens Against the STC Materials**

Based on a review of the debtor's schedules, a UCC search against the debtor's property, and proofs of claim filed in the debtor's case, the record of encumbrances against the STC Materials are (1) a tax lien in favor of the State of California Employment Development Department (the "EDD") in the amount of $145.46 based on its Notice of State Tax Lien filed with the California Secretary of State against the Debtor's assets on or about May 3, 2016, filing no. 16-7523342255 (the "EDD Notice"); (2) a purported lien in favor of Laurence H. Levine ("Levine") based on his UCC Financing Statement filed with the California Secretary of State against the Debtor's assets on or about September 20, 2017, filing no. 17-7607073937 (the "Levine UCC"); (3) a purported lien in favor of Security Finance 1 LLC ("Security Finance") based on its UCC Financing Statement filed with the California Secretary of State against the debtor's assets on or about April 25, 2018, filing no. 18-7645621131 (the "Security Finance UCC"); (4) a purported judgment lien in favor of Senior Operations LLC ("Senior Operations") based on its Notice of Judgment Lien filed with the California Secretary of State against the debtor's assets on or about September 14, 2018, filing no. 18-7670024015 (the "Senior Operations Notice"); (5) a purported lien in favor of Cardinal Collection Education Foundation, Martin Logies, and John Skirtich (collectively, the "CCEF Parties") in the amount of $3,981,899.41 against the debtor's assets based on its Notice of Lien filed on or about September 19, 2018 in the debtor's litigation against Delta Air Lines, Inc. in the United States District Court for the Northern District of Georgia, case no. 1:16-cv-1535, as reflected in the proof of claim filed by the CCEF Parties in the debtor's case on or

1  about May 9, 2019, which was assigned claim number 13 by the Clerk of the Court (the "CCEF

2  POC").  The liens and claims in favor of the EDD, Levine, Security Finance, Senior Operations,

3  and the CCEF Parties are referred to hereinafter collectively as the "Subject Liens."

4      The Trustee proposes that the sale be free and clear of the Subject Liens, and that the liens

5  and claims asserted by the EDD, and the CCEF Parties be removed from the STC Materials, with

6  any and all liens attaching to like amounts of the net sale proceeds, with the same force, effect,

7  validity and priority that they had as of the petition date against the STC Materials.

8      1.    Background Regarding the CCEF Lien

9      On May 22, 2018, the Superior Court entered a judgment in favor of the CCEF Parties and

10  against the Debtor and others (the "CCEF Judgment").  The CCEF Judgment arose from a dispute

11  between the Debtor and the CCEF Parties relating to the sale and transfer of the Debtor's securities.

12  As of November 21, 2018, the balance owed by the debtor under the CCEF Judgment was

13  $7,383,547.02.  On or about November 21, 2018, the CCEF Parties were paid $3,800,000 (the

14  "CCEF Payment").  As of the Petition Date, the balance owed by the debtor under the CCEF

15  Judgment was $3,953,735.82.

16      On or about January 8, 2020, the Trustee filed a complaint against the CCEF Parties

17  seeking to avoid its judgment liens as preferences and/or subordinated pursuant to section 510(b).

18  See adversary no. 9:20-ap-01004-DS.

19  **E.    The Trustee's Marketing Efforts and Proposed Sale**

20      DC Aviation, LLC, a Washington Limited Liability Company, asserts that it is the holder of

21  certain licenses ("Licenses") issued by The Boeing Company ("Boeing") for the manufacturing and

22  sale of the Parts.  Prior to its bankruptcy case, the debtor manufactured the Parts under similar

23  licenses from Boeing.  DCA asserts that the STC Materials have no value for the debtor's estate or

24  to any other party except DCA who has acquired the License from Boeing for the Parts.  Thus, the

25  Trustee is unlikely to find another interested party or receive a better offer.  The only remaining

26  requirement to close the sale is Court approval, subject to qualified overbids made at the sale

27  hearing.

28

## II.

## **PROPOSED OVERBID PROCEDURES**

The Trustee requests that the Court approve the following procedures for overbids:

1.      Any party wishing to present an overbid must deliver the following to the Trustee at least three (3) business days prior to the commencement of the hearing on this Motion:

     (a)      a deposit in the form of a cashier's check in the amount of $10,000 payable to "Jerry Namba, Trustee" (the "Deposit");

     (b)      a written offer on the form attached as Exhibit 2" to the Declaration of Jerry Namba, without any changes or conditions; and

     (c)      provide proof of ability to close acceptable in the sole discretion of the Trustee.

2.      A party's initial overbid must be no less than $45,000, representing $5,000 over the **Proposed Sale Price**.

3.      The acceptance of any overbid from a qualified bidder shall be in the Trustee's sole discretion and may be made prior to or at the time of hearing to confirm the sale.

4.      If qualified overbids are received and accepted by the Trustee, an auction will be held at and during the hearing on the Trustee's motion for approval of the proposed sale.  The Trustee proposed that each overbid to be made during the hearing be at least $1,000 more than the then-highest overbid.  At the conclusion of the auction, the Trustee will have the right, based solely on his business judgment and sole discretion, to recommend to the Court for confirmation the offer that the Trustee determines is the best overall offer.

5.      If the Court approves a sale to the bidding party (hereinafter the "Successful Bidder"), the Successful Bidder will be bound by all the terms of the Sale Agreement except as to price, without any contingencies (including no financing contingency).  The Successful Bidder's Deposit will be retained by the Trustee and

will be applied to the sale price.  The Deposit will be non-refundable in the vent
that, for any reason whatsoever, the Successful Bidder fails to close the sale timely.

6.      The closing will take place as soon as practicable after the entry of the Court's order
approving the sale (the "Sale Order"), but no later than the first business day after
fourteen calendar days following entry of the Sale Order.  The Trustee and the
Successful Bidder may mutually agree in writing to extend the time for closing the
sale, without the need to obtain Court approval(s) of such extension(s).

7.      In his sole discretion, the Trustee may request that the Court confirm a "Back-Up
Bidder" so that if the Successful Bidder does not close timely the Trustee may sell
the Property to the Back-Up Bidder for the amount of such Back-Up Bidder's last
bid.  The Back-Up Bidder's Deposit will be retained by the Trustee.  If the sale to
the Successful Bidder does not close timely, the Trustee will advise the Back-Up
Bidder accordingly.  The closing will take place on or before fourteen calendar days
following the date on which the Trustee gives notice of the Successful Bidder's
failure to close.  The Back-Up Bidder will be bound by all of the terms of the Sale
Agreement except as to price, without contingencies (including any financing
contingency).  The Back-Up Bidder's Deposit will be retained by the Trustee and
will be applied to the sale price.  The Deposit will be non-refundable in the event
that the Back-Up Bidder fails to close the sale timely.

8.      If a qualified overbidder is not the Successful Bidder or the Back-Up Bidder, the
overbidder's Deposit will be returned to the overbidder within ten court days after
the date of the hearing.  If the sale to the Successful Bidder closes, the Back-Up
Bidder's Deposit will be returned to the Back-Up Bidder within ten court days from
the date of closing.

### III.

### LEGAL ARGUMENT

**A.      The Proposed Sale of the STC Materials is Supported by the Trustee's Sound Business Judgment and is in the Best Interests of the Debtor's Estate and Its Creditors**

To enable the Trustee to fulfill his duty to "collect and reduce to money the property of the estate" (11 U.S.C. § 704(a)(1)), the trustee "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). In this Circuit and others, courts will authorize sales where the trustee's decision to sell assets outside the ordinary course of business is based upon sound business judgment. In re Continental Air Lines, Inc., 780 F.2d 1223, 1226 (5th Cir. 1986); In re Derivium Capital, LLC, 380 B.R. 392, 404 (Bankr. D.S.C. 2007) ("In determining whether to approve a sale proposed by a trustee, courts generally apply a business judgment test").

Based on the Second Circuit's decision in In re Lionel Corp., 722 F.2d 1063 (2d Cir. 1983), courts generally hold that the following four elements must exist to satisfy the "sound business judgment test": (1) sound business reasons; (2) accurate and reasonable notice to interested persons; (3) an adequate, fair and reasonable price; and (4) good faith. See Stephens Indus., Inc. v. McClung, 789 F.2d 386, 390 (6th Cir. 1986) (affirming sale of debtor's assets proposed by trustee as being supported by a sound business purpose); Lionel, 722 F.2d at 1071. "Ordinarily, the position of the trustee is afforded deference, particularly where business judgment is entailed in the analysis or where there is no objection." In re Lahijani, 325 B.R. 282, 289 (B.A.P. 9th Cir. 2005); Derivium, 380 B.R. at 404 ("the Trustee's business judgment is to be given 'great judicial deference,' [however] the Court must scrutinize whether the Trustee has fulfilled his duty to 'maximize the value obtained from a sale'").

The Trustee believes that the proposed sale of the Property, subject to overbid at the hearing, is the best method by which to maximize the value of the estate's interest in the Property. As explained above, the STC Materials have little value to anyone other than DCA. The Trustee has obtained an offer subject to overbidding and Bankruptcy Court approval, and DCA's is the highest and best offer received to date. The price was arrived at with DCA following arms-length

1  negotiations and the Trustee believes that it represents a fair and adequate price for the STC

2  Materials.  Further, because the proposed sale is subject to overbids, any and all qualified parties

3  wishing to purchase the STC Materials for a higher price may do so.

4  **B.**    **The EDD's Claim Should be Subordinated Pursuant to 11 U.S.C. § 724(b)**

5      Section 724(b) of the Bankruptcy Code permits a trustee to subordinate an otherwise

6  unavoidable tax lien in "property in which the estate has an interest" to the payment of certain

7  types of administrative claims, including the actual, necessary costs and expenses of preserving the

8  estate.  11 U.S.C. §§ 724(b)(2), 507(a)(1), and 503(b)(1)(A).

9      The EDD Notice makes reference to a tax claim held by the EDD.  Thus, the Trustee

10  proposes that the claim underlying the EDD Notice be treated in accordance with 11 U.S.C. §

11  724(b).

12  **C.**    **Levine's Claim is no Longer a Secured Claim**

13      On July 9, 2020, the Court entered an order approving a compromise between the Trustee

14  and Mr. Levine whereby the Levine Lien was amended to become a general unsecured claim

15  (*docket no. 53*).  Thus, the Levine Lien is no longer in effect.

16  **D.**    **Security Finance's Debt was Fulfilled Prior to the Petition Date**

17      Security Finance's claim arises from a Litigation Funding Agreement between the Debtor,

18  Bentham IMF 1 LLC ("Bentham"), and Security Finance.  In November 2018, Bentham was paid

19  $2,000,000, in full and complete satisfaction of the Security Finance UCC.  Because the debt

20  underlying the Security Finance UCC was paid in full prior to the Petition Date, Security Finance

21  does not have any lien on any assets of the debtor's estate.

22  **E.**    **Senior Operations does not have a Valid Claim to the STC Materials**

23      California Code of Civil Procedure section 697.530(a) states:

24      A judgment lien on personal property is a lien on all interests in the following personal
    property that are subject to enforcement of the money judgment against the judgment debtor

25  pursuant to Article 1 (commencing with Section 695.010 ) of Chapter 1 at the time when the lien is
    created if the personal property is, at that time, any of the following:

26
      1)  Accounts receivable, and the judgment debtor is located in this state.

27
      (2)  Tangible chattel paper, as defined in paragraph (79) of subdivision (a) of Section 9102

28  of the Commercial Code , and the judgment debtor is located in this state.

1    (3) Equipment, located within this state.

2    (4) Farm products, located within this state.

3    (5) Inventory, located within this state.

4    (6) Negotiable documents of title, located within this state.

5    CCP § 697.530(a).

6        Here, Senior Operations holds a judgment lien in the amount of $395,875.27 only against

7    the debtor's property that is subject to CCP § 697.530(a).  The STC Materials do not fall within any

8    of the identified 6 categories above.  Thus, Senior Operations does not have a valid claim to the

9    STC Materials, and its judgment lien need not attach to the sale proceeds.

10   **F.**      **The Proposed Sale May be Authorized Under Section 363 of the Bankruptcy Code**

11       Section 363(f) of the Bankruptcy Code provides that, upon certain conditions, the trustee

12   may sell property free and clear of a lien or interest in such property:

13          The trustee may sell property under subsection (b) or (c) of this
            section free and clear of any interest in such property of an entity
14          other than the estate, only if—

15          (1) applicable nonbankruptcy law permits sale of such property free
16          and clear of such interest;

17          (2) such entity consents;

18          (3) such interest is a lien and the price at which such property is to be
            sold is greater than the aggregate value of all liens on such property;
19

20          (4) such interest is in bona fide dispute; or

21          (5) such entity could be compelled, in a legal or equitable
            proceeding, to accept a money satisfaction of such interest.
22

23   11 U.S.C. § 363(f).

24       The Trustee has made the requisite showing that the CCEF Parties' lien is subject to a bona

25   fide dispute within the meaning of section 363(f)(4) or otherwise resolved.  The Trustee will hold

26   any net funds until a later date when, upon the Trustee's further motion or adversary action, the

27   Court determines how net funds should be divided and disbursed.

28

**G.      The CCEF Lien is Subject to a Bona Fide Dispute**

11 U.S.C. § 363(f)(5) provides that the Trustee may sell assets free and clear of liens, with liens removed to net sale proceeds, where the lien is the subject of a bona fide dispute.  Here, the Trustee has a pending adversary proceeding against the CCEF Parties, adversary no. 9:20-ap-01004-DS (the "Adversary Proceeding").  In the Adversary Proceeding, the pleads two theories to avoid the judgment liens in favor of the CCEF Parties – sections 510(b) and 547.

11 U.S.C. § 510(b) provides, in relevant part:

a claim arising from rescission of a purchase or sale of a security of the debtor or of an affiliate of the debtor, for damages arising from the purchase or sale of such a security, or for reimbursement or contribution allowed under section 502 on account of such a claim, shall be subordinated to all claims or interests that are senior to or equal the claim or interest represented by such security

11 U.S.C. § 510(b).

Pursuant to Section 547 of the Bankruptcy Code, a trustee is entitled to recover from a creditor:

(1) any transfer of property made by the debtor;

(2) to a creditor on account of an antecedent debt;

(3) made within ninety days of the petition date;

(4) while the debtor was insolvent; and

(5) which enables the creditor to receive more than it would have received in the Chapter 7 case if the payment was not made.

11 U.S.C. § 547.

Section 502(d) of the Bankruptcy Code provides, in relevant part:

the court shall disallow any claim of any entity from which property is recoverable under section...550...of this title or that is a transferee of a transfer avoidable under section...547...of this title, unless such entity or transferee has paid the amount, or turned over such property, for which such entity or transferee is liable under section...550...of this title.

11 U.S.C. § 502(d).

Here, the Trustee disputes the CCEF Parties' claim on multiple grounds.  First, the CCEF's claim is based on a dispute relating to the purchase and sale of the debtor's securities.  Pursuant to section 510(b) of the Code, such a claim should be subordinated to interests senior or equal to it.

1      Second, the Trustee disputes the CCEF Parties' claim on the grounds that part of the CCEF

2  Judgment was paid as a preferential transfer.  As of November 21, 2018, the balance owed by the

3  debtor under the Judgment was $7,383,547.02.  The CCEF Payment was made on or about

4  November 21, 2018.  The Petition Date is on or about December 17, 2018, not longer than a month

5  since the CCEF Payment was made.  The Trustee asserts that this payment constitutes a preferential

6  transfer and that he is entitled to avoid the payment pursuant to 11 U.S.C. § 547.  The CCEF

7  Parties have not returned the value of this payment.  Thus, pursuant to 11 U.S.C. § 502(d), the

8  CCEF Parties' claim must be disallowed and cannot attach to the STC Materials.

9  **H.**    **The Trustee Requests that the Court Find that the Buyer and Any Backup Buyer Are**

10       **Good Faith Purchasers Pursuant to Section 363(m) of the Bankruptcy Code**

11      A purchaser of property is protected from the effects of reversal on appeal of the

12  authorization to sell or lease as long as the Court finds that the purchaser acted in good faith.  See

13  11 U.S.C. § 363(m).  A good faith purchaser is one who buys in good faith and for value.  Ewell v.

14  Diebert (In re Ewell), 958 F.2d 276, 281 (9th Cir. 1992).  The Code does not define "good faith,"

15  but courts have provided guidance as to the appropriate factors to consider.  See id. (lack of good

16  faith generally shown by fraud, collusion between the purchaser and other bidders or the trustee, or

17  an attempt to take grossly unfair advantage of other bidders; In re Pine Coast Enters., Ltd., 147

18  B.R. 30, 33 (Bankr. N.D. Ill. 1992) (requirement that a purchaser act in good faith speaks to the

19  integrity of its conduct in the course of sale proceeding).

20      Rod Manser is a member of DCA.  Mr. Manser was also the initial founder of the debtor in

21  2007, but resigned in April 2011.  In the summer of 2018, Mr. Manser was retained by the debtor

22  in an effort to revitalize it as a going concern up until the involuntary petition was filed against the

23  debtor.  Mr. Manser still has a 5% membership interest in the debtor.  Despite Mr. Manser's

24  interest in the debtor, DCA's negotiations with the Trustee were made in an arms-length fashion.

25  The Trustee will continue to negotiate at arms-length with potential overbidders, and intends to

26  present evidence to the Court at or before the hearing supporting a finding of good faith as to any

27  successful bidder or back-up bidder.  Moreover, both the Trustee and DCA have submitted

28  declarations supporting a finding of good faith.  As a result, the Trustee requests that the Court

make a finding that the party to whom the Court confirms the sale, as well as any back-up bidder, is a good faith purchaser of the STC Materials within the meaning of § 363(m) of the Code.

## IV.

## <u>CONCLUSION</u>

For the foregoing reasons, the Trustee requests that the Court enter an order:

1.      Authorizing the Trustee to sell all right, title, and interest in and to the STC Materials free and clear of any and all liens, claims or interests pursuant to 11 U.S.C. § 363(b) and (f);

2      approving the proposed overbid procedures;

3.      directing that the sale be free and clear of all liens, claims and interests and to provide that the EDD Lien and the judgment lien in favor of the CCEF Parties shall attach to like amounts of the net sale proceeds, with the same force, effect, validity and priority that they have with respect to the STC Materials;

4.      determining that the Buyer and back-up bidder(s) (if any) are good faith purchasers within the meaning of 11 U.S.C. § 363(m);

5.      approving the form and manner of notice provided by the Trustee of the sale; and

6.      for such further relief as the Court deems just and proper.


DATED:  March 18, 2022                    DANNING, GILL, ISRAEL & KRASNOFF, LLP



By:    _/s/ Alphamorlai L. Kebeh_
ALPHAMORLAI L. KEBEH
Attorneys for Jerry Namba, Chapter 7 Trustee

1675745.3  26881                                        17

## <u>DECLARATION OF JERRY NAMBA</u>

I, Jerry Namba, declare as follows:

1.      I am the duly appointed and acting Chapter 7 trustee of the estate of Super98, LLC (the "debtor").  I have personal knowledge of the facts in this declaration, except those matters that are stated upon information and belief, and as to such matters I could testify competently thereto.

2.      This declaration is being filed in support of my Motion to Authorize Sale Of Certain Personal Property Free And Clear Of Liens (the "Motion").  I have read the Motion, which my counsel prepared on my behalf.  I believe that the sale of the materials described in the Motion is in the best interest of the debtor's estate.

3.      I entered into a "Purchase and Sale Agreement" ("PSA") with DC Aviation, LLC ("DCA" or the "Buyer"), pursuant to which I agreed to sell, and DCA agreed to buy, for $40,000, subject to overbid and Court approval, the estate's right, title, and interest in certain documents in my possession or control, including those held in storage, relating to: suspended FAA Supplemental Type Certificate ST02372LA for certain aircraft parts, which include without limitation, drawings, engineering specifications, material specifications, process specifications, aircraft manuals, schematics, and all other documents referring and/or relating to the same (collectively, "STC Materials").

4.      I am currently holding the STC Materials in storage, where I have attempted to segregate the STC Materials from the Parts and any other materials.

5.      A true and correct copy of the PSA which I executed is attached herein as Exhibit "1."

6.      Attached hereto as Exhibit "2" is a true and correct copy of the form that I intend to require for the submission of overbids.  I intend to forward a copy of the form to, among others, each potential buyer from whom I receive an offer or request.

7.      I am informed and believe that, on or about May 3, 2016, the State of California Employment Development Department (the "EDD") filed a tax lien in the amount of $145.46, filing no. 16-7523342255 (the "EDD Notice"), based on its Notice of State Tax Lien filed with the California Secretary of State against the Debtor's assets.

8.    I am informed and believe that, on or about September 20, 2017, Laurence H. Levine ("Levine") filed a UCC Financing Statement filed with the California Secretary of State against the Debtor's assets, filing no. 17-7607073937 (the "Levine UCC").

9.    I am informed and believe that, on or about April 25, 2018, Security Finance 1 LLC ("Security Finance") filed a UCC Financing Statement filed with the California Secretary of State against the Debtor's assets, filing no. 18-7645621131 (the "Security Finance UCC").

10.    I am informed and believe that, on or about September 14, 2018, Senior Operations LLC ("Senior Operations") filed a Notice of Judgment Lien with the California Secretary of State against the Debtor's assets, filing no. 18-7670024015.

11.    I am informed and believe that, on or about September 19, 2018, Cardinal Collection Education Foundation, Martin Logies, and John Skirtich (collectively, the "CCEF Parties") filed a Notice of Lien in the debtor's litigation against Delta Air Lines, Inc. in the United States District Court for the Northern District of Georgia, case no. 1:16-cv-1535, as reflected in the proof of claim filed by the CCEF Parties in the Debtor's case on or about May 9, 2019, which was assigned claim number 13 by the Clerk of the Court (the "CCEF POC").

12.    On May 22, 2018, the Superior Court entered a *Judgment* in favor of the CCEF Parties and against the debtor and others (the "CCEF Judgment").  The CCEF Judgment arose from a dispute between the debtor and the CCEF Parties relating to the sale and transfer of the Debtor's securities.

13.    As of November 21, 2018, the balance owed by the debtor under the CCEF Judgment was $7,383,547.02.  On or about November 21, 2018, the CCEF Parties were paid $3,800,000 (the "CCEF Payment").  As of the Petition Date, the balance owed by the Debtor under the CCEF Judgment was $3,953,735.82.

14.    I filed a complaint against the CCEF Parties, initiating adversary proceeding no. 9:18-bk-12079-DS.  In the complaint, I disputed the proof of claim filed by the CCEF Parties (the "CCEF POC") on two theories: (1) the claim relates to the sale or transfer of the Debtor's stock and should be subordinated accordingly per 11 U.S.C. § 510(b); and (2) the CCEF POC should be

1  disallowed because the CCEF Parties received a preferential transfer that has not been returned to

2  the Debtor's estate (§ 502(d)).

3      15.    The Buyer asserts that the STC Materials have no value for the debtor's estate or to

4  any other party except DCA, who has acquired the License from Boeing for the Parts.  I do not

5  believe I am likely to find another interested party or receive a better offer.  It is my business

6  judgment based on years of experience as a bankruptcy trustee and of many property sales I've

7  conducted, that my proposed sale of the STC Materials on the terms set forth in the PSA is in the

8  best interests of the estate and its creditors.  I believe that $40,000, subject to overbid, is a fair and

9  reasonable price for the STC Materials.

10     16.    Though a member of DCA retains a 5% interest in the Debtor, I conducted all

11  negotiations in an arms-length fashion.

12

13     I declare under penalty of perjury under the laws of the United States of America that the

14  foregoing is true and correct.

15     Executed on March 17, 2022, at Santa Maria, California

16

17

18     _____

19     JERRY NAMBA

20

21

22

23

24

25

26

27

28

## DECLARATION OF ROD MANSER

I, Rod Manser, declare as follows:

1.      I am a member of DC Aviation, LLC ("DCA" or "Offeror").  DCA is making a bid as to all right, title, and interest of Super98, LLC (the "debtor") in certain documents held in the Trustee's storage, consisting of: suspended FAA Supplemental Type Certificate ST02372LA for certain aircraft parts, which include without limitation, drawings, engineering specifications, material specifications, process specifications, aircraft manuals, schematics, and all other documents referring and/or relating to the same (collectively, "STC Materials"), from Jerry Namba, the Chapter 7 trustee (the "Trustee") for the estate of the debtor, as seller.  I am an authorized representative of the Offeror and am authorized to legally bind the Offeror, including at an auction.

2.      I make this declaration in support of the Trustee's Motion to Authorize Sale Of Certain Personal Property Free And Clear Of Liens (the "Motion").

3.      I have personal knowledge of the facts in this declaration, except those matters that are based upon information and belief and as to such matters, I believe such matters are true.  If called as a witness, I could testify competently to these facts.

4.      I founded the debtor in 2007.  I resigned in April 2011, but I was retained by the debtor in the summer of 2018 to revitalize it as a going concern up until the involuntary petition was filed against the debtor.

5.      I possess a 5% membership interest in the debtor.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

21

1677442.1  26881

6.      Aside from the above disclosures, I do not have any prior, current or expected association or other connection with the Debtor, the Trustee, major creditors or equity security holders in the debtor's bankruptcy case or with any of the professionals employed by the Trustee. The Offeror's negotiations with the Trustee were conducted at arm's length.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed at ___KPAE__, on March __14__ 2022.

DATED:  March _14_ , 2022                    DC Aviation, LLC


By:  _____

                    ROD MANSER
                    Member

22

1677442.1  26881

**<u>REQUEST FOR JUDICIAL NOTICE</u>**

Jerry Namba, the Chapter 7 Trustee for the bankruptcy estate of Super98, LLC (the "Debtor"), hereby respectfully requests that the Court take judicial notice of the following facts:

1.      On July 9, 2020, the Court entered its *Amended Order Granting Motion for (1) Approval of Settlement With Laurence H. Levine, as Amended, and (2) Authority to Pay Danning, Gill, Israel & Krasnoff, LLP, on an Interim Basis Pursuant to Contingency Fee Agreement* (*docket no. 53*).

2.      On May 22, 2018, the California Superior Court for the County of Orange entered its *Judgment* in case no. 30-2018-00977669-CU-PA-CJC.

3.      On or about January 8, 2020, the Trustee filed his *Complaint for Declaratory Relief, Subordination of Claims, Avoidance and Recovery of Preferential Transfer, and Disallowance of Claim (adv. docket no. 1)*, in adversary proceeding no. 9:20-ap-01004-DS.


DATED:  March 18, 2022                         DANNING, GILL, ISRAEL & KRASNOFF, LLP



                                                    By:      */s/ Alphamorlai L. Kebeh*
                                                             ALPHAMORLAI L. KEBEH
                                                             Attorneys for Jerry Namba, Chapter 7 Trustee

EXHIBIT 1

## PURCHASE AND SALE AGREEMENT

This purchase and sale agreement ("Agreement") is made and entered into on 2-28 2022 (the "Execution Date"), by and between Jerry Namba, solely in his capacity as the Chapter 7 trustee ("Trustee") for the estate of Super98, LLC ("debtor"), and DC Aviation, LLC, a Washington Limited Liability Company ("DCA"). The Trustee and DCA are sometimes referred to herein collectively as the "parties" and individually as a "party."

### RECITALS

1.      On or about December 17, 2018 (the "Petition Date"), an involuntary petition for relief under Chapter 7 of the Bankruptcy Code was filed against the debtor by Jeremy W. Faith, as Chapter 7 trustee for the estate of Robert Hesselgesser M.D.

2.      The order for relief was entered on or about February 8, 2019. On or about February 13, 2019, Jerry Namba accepted appointment as the Chapter 7 Trustee for the debtor's estate and continues to serve in that capacity for the benefit of the estate and its creditors.

3.      DCA asserts that it is the holder of certain licenses ("Licenses") issued by The Boeing Company ("Boeing") for the manufacturing and sale of certain aircraft parts ("Parts"). Prior to its bankruptcy case, the debtor manufactured the Parts under similar Licenses from Boeing.

4.      The Trustee is in possession or control of certain documents relating to: the suspended Federal Aviation Administration ("FAA") Supplemental Type Certificate ST02372LA for the Parts, which include without limitation, drawings, engineering specifications, material specifications, process specifications, aircraft manuals, schematics, and all other documents referring and/or relating to the same (collectively, the "STC Materials").

5.      The Parties have attempted to segregate the STC Materials from the Parts and any other materials in the Trustee's storage.

6.      DCA asserts that the STC Materials are by similar contracted licensure [2019-31VIBS9], the property of Boeing that were issued to the debtor for the purpose of allowing the debtor to manufacture the Parts. DCA advises that it is aware of demands by Boeing that certain such materials must be returned to Boeing to reduce DCA's liability and to maintain its licensure with Boeing in good standing.

7.      DCA has further obligations to the FAA, pursuant to maintain airworthy status of any parts manufactured under such licensure which require certain data and documentation from the FAA contained within the STC Materials.

8.      Certain personal property judgment liens, tax liens, and UCC-1 financing statements have been filed against the debtor. The Parties understand that, though such liens may not attach to the STC Materials which are property of either the FAA and/or Boeing and

merely in the possession of the debtor under the License from Boeing, the liens may attach to the portion of the STC Materials that are the debtor's property.

9.      Subject to the approval of the United States Bankruptcy Court, DCA proposes to purchase all of the STC Materials from the Trustee.

## AGREEMENT

1.      <u>Bankruptcy Court Approval</u>.   The transaction contemplated hereby is subject to Bankruptcy Court approval after notice and a hearing, in the bankruptcy case of the debtor pending in the United States Bankruptcy Court for the Central District of California, as case number 9:18-bk-12079-DS.

2.      <u>The Assets</u>.  DCA seeks to purchase and the Trustee seeks to sell all of the debtor's estate's right, title, and interest, if any, in the STC Materials.

3.      <u>Purchase Price</u>.  The Purchase Price for the STC Materials shall be $40,000, subject to overbid.

4.      <u>Deposit</u>.  A deposit of $5,000 shall be paid to the Trustee contemporaneously with the execution of the Agreement.  The receipt of such deposit in good funds is a condition precedent to the effectiveness of this Agreement.  The Trustee acknowledges and agrees that the deposit is fully refundable and shall promptly be returned to DCA if DCA is not the successful purchaser of the STC Materials.  Within ten (10) days of the Trustee's receipt of the deposit, he shall file a motion seeking approval of this Agreement.

5.      <u>Purchase Price Balance and Sale Closing</u>.  The balance of the purchase price shall be paid to the Trustee within five (5) business days after entry of an order approving this Agreement (the "Sale Order") unless there is a pending appeal of the Sale Order supported by a stay at that time, in which case the balance of the purchase price shall be paid to the Trustee within five (5) business days following the date the stay is lifted.  The closing of the sale shall occur on the later of the receipt of the complete purchase price by the Trustee and the entry of the Sale Order or the Sale Order becoming a final order.

6.      <u>Sale Free and Clear</u>.  The sale will be free and clear of all liens, claims, and interests against the STC Materials.

7.      <u>Contingencies</u>. The Parties agree that there are no contingencies that must be met relating to this Agreement.

8.      <u>Retrieval of the STC Materials</u>.  Following the receipt of the Purchase Price in good funds, the Trustee will provide DCA access to the STC Materials.

9.      <u>Overbidding</u>.  The sale of the STC Materials is subject to overbidding.

10.     Applicable Law.  This Agreement is deemed to have been executed and delivered within the State of California, City and County of Los Angeles, and the rights and obligations of the parties are to be construed and enforced in accordance with and governed by the laws of the State of California, except where federal bankruptcy law applies.  Any dispute between the Trustee and DCA regarding the interpretation or effect of this Agreement shall be before the Bankruptcy Court.

11.     Entire Agreement.  The parties declare and represent that no promise not herein expressed has been made to them, and that this Agreement contains the entire agreement between the parties.  This Agreement supersedes all prior and contemporaneous oral and written agreements and discussions.  This Agreement may be amended only by a written agreement executed by both parties.

12.     Counterparts.  This Agreement may be executed in counterparts including in copies transmitted via email.  When each party has signed and delivered at least one such counterpart, each counterpart will be deemed an original and, when taken together with other signed counterparts, constitutes one Agreement, which is binding upon and effective as to all parties.

March 17, 2022
DATED: ~~February~~ ~~-----, 2022~~

By:  _____
        Jerry Namba, Chapter 7 Trustee

DATED: February ___, 2022          DC Aviation, LLC

By:  _____
        Rod Manser, President

10.    <u>Applicable Law</u>.  This Agreement is deemed to have been executed and delivered within the State of California, City and County of Los Angeles, and the rights and obligations of the parties are to be construed and enforced in accordance with and governed by the laws of the State of California, except where federal bankruptcy law applies.  Any dispute between the Trustee and DCA regarding the interpretation or effect of this Agreement shall be before the Bankruptcy Court.

11.    <u>Entire Agreement</u>.  The parties declare and represent that no promise not herein expressed has been made to them, and that this Agreement contains the entire agreement between the parties.  This Agreement supersedes all prior and contemporaneous oral and written agreements and discussions.  This Agreement may be amended only by a written agreement executed by both parties.

12.    <u>Counterparts</u>.  This Agreement may be executed in counterparts including in copies transmitted via email.  When each party has signed and delivered at least one such counterpart, each counterpart will be deemed an original and, when taken together with other signed counterparts, constitutes one Agreement, which is binding upon and effective as to all parties.

DATED:  February ___, 2022


By:    _____
         Jerry Namba, Chapter 7 Trustee


DATED:  February 28 , 2022          DC Aviation, LLC


By:    _____
         Rod Manser, President


1675620.2  26881

27

EXHIBIT 2

## <u>OVERBID FORM RE: PURCHASE AND SALE</u>

The undersigned ("Offeror") hereby offers (the "Overbid") to purchase from JERRY NAMBA, CHAPTER 7 TRUSTEE (the "Trustee" or "Seller" ) of the bankruptcy estate of Super98, LLC ("debtor"), on the same terms and conditions, except as to price, set forth in such purchase and sale agreement by and between the Trustee and DC Aviation, LLC, a Washington Limited Liability Company ("DCA")(the "Purchase and Sale Agreement"), which is Exhibit "1" to the *Trustee's Motion to Authorize Sale of Certain Personal Property Free and Clear of Liens* (the "Motion"), the Trustee's right, title, and interest in certain documents held in the Trustee's possession or control, including those the Trustee's storage, relating to: suspended FAA Supplemental Type Certificate ST02372LA for certain aircraft parts, which include without limitation, drawings, engineering specifications, material specifications, process specifications, aircraft manuals, schematics, and all other documents referring and/or relating to the same (collectively, "STC Materials"). Offeror hereby agrees to be bound by the terms of the Purchase and Sale Agreement except as to the sale price.  Offeror acknowledges receipt of a copy of the Sale Motion and the supplements thereto including the Purchase and Sale Agreement.

The Offeror recognizes that the Trustee holds sole discretion in accepting and rejecting overbids. There are no contingencies to the Offer whatsoever.  The sale is subject to acceptance by the Trustee in a Bankruptcy Court auction sale (the "Auction").  Offeror understands that the Seller is a Trustee appointed to liquidate assets of a bankruptcy estate.  Offeror further understands that the sale is "as is" and "where is" without warranty or recourse whatsoever. Offeror has completed all due diligence which Offeror believes to be required to purchase the STC Materials.

Offeror's overbid is in the amount of $_____.

Offeror is providing herewith an initial deposit (the "Initial Deposit") in the form of a check issued in the sum of $5,000 (or greater) payable to the Trustee, which Initial Deposit shall be credited to the sale price.  The Initial Deposit shall be non-refundable in the event that the Court confirms the sale to the Offeror but Offeror breaches his or her or its obligations under the Offer, in which event the Trustee shall be free to sell the STC Materials to another.  Offeror's sole remedy in the event that the Trustee is unable to close the sale shall be a return of the Initial Deposit in full.  If the Offeror performs in full under the terms of the Offer, but the Court confirms the sale of the STC Materials to another, Offeror's Initial Deposit shall be refundable in full.

If Offeror is not the successful Overbidder at the Auction, Offeror may opt to be a back-up bidder, in which case Offeror's Initial Deposit will be retained by the Trustee until the sale closes or the successful bidder defaults.  The Trustee will select the best and highest back-up bidder(s) in the Trustee's discretion.  The Initial Deposit of any backup bidder shall otherwise be held on the same terms described in the preceding paragraph.

The Trustee requires that this Overbid and the Initial Deposit be <u>actually received</u> by the Trustee prior to the commencement of the hearing on the motion to sell the STC Materials, on May 10, 2022, at 11:30 a.m.  In light of banking and other delays, it is highly recommended that the documentation and deposit be completed by May 7, 2022.  The Trustee retains the sole

discretion to accept or reject any overbid offers at any time prior to the commencement of the hearing on the Motion.  In any event, no party will be allowed to participate in the Auction absent delivery of the Initial Deposit and Overbid, in a form acceptable to the Trustee, prior to the commencement of the Auction.

The Auction which will be held on May 10, 2022, at 11:30 a.m., via Zoom.  Zoom instructions will be posted on the Honorable Judge Deborah Saltzman's tentative ruling calendar, accessible through the following link: http://ecf-ciao.cacb.uscourts.gov/CiaoPosted/.

All parties wishing to participate in the Auction must arrange to appear personally (via Zoom), through an attorney or other expressly authorized representative.  Telephonic, Zoom, or in person appearances, if and to the extent permitted by the Court, are subject to the Court's procedures.

Offeror agrees to substitute into the sale under the applicable purchase and sale agreement and to enter into a new transaction upon identical terms and conditions, except as to price, set forth in such purchase and sale agreement, the Sale Motion, the notice of the Sale Motion and any and all other documents attached to the Sale Motion and applicable supplements.

Offeror shall pay any applicable sales tax.

Dated: _____    _____
                                (Name of Offeror)

                                _____
                                (street address)

                                _____
                                (city, state, zip code)

                                _____
                                (telephone number and email address)

                                _____
                                (signature of Offeror or authorized agent of Offeror, if applicable)

                                _____
                                (name and title of agent of Offeror, if applicable)

2

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 1901 Avenue of the Stars, Suite 450, Los Angeles, CA 90067-6006.

A true and correct copy of the foregoing document entitled (*specify*):  TRUSTEE'S NOTICE OF MOTION AND MOTION TO AUTHORIZE SALE OF CERTAIN PERSONAL PROPERTY FREE AND CLEAR OF LIENS; MEMORANDUM OF POINT AND AUTHORITIES, DECLARATIONS OF JERRY NAMBA AND ROD MANSER AND REQUEST FOR JUDICIAL NOTICE IN SUPPORT THEREOF will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) March 18, 2022, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2. <u>SERVED BY UNITED STATES MAIL</u>**:  On  March 18, 2022 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by causing to be placed a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page.

**3. <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u>** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| March 18, 2022 | Beverly Lew | */s/ Beverly Lew* |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                      **F 9013-3.1.PROOF.SERVICE**

**ADDITIONAL SERVICE INFORMATION** (if needed):

## 1. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

Michael G D'Alba on behalf of Plaintiff Jerry Namba, Chapter 7 Trustee
mdalba@DanningGill.com, DanningGill@gmail.com;mdalba@ecf.inforuptcy.com

Beth Gaschen on behalf of Interested Party Interested Party
bgaschen@wgllp.com,
kadele@wgllp.com;cbmeeker@gmail.com;cyoshonis@wgllp.com;lbracken@wgllp.com;bgaschen@ecf.cour
tdrive.com;gestrada@wgllp.com

Jeffrey I Golden on behalf of Petitioning Creditor Jeremy W. Faith, as Chapter 7 Trustee for Estate of Robert
Hesselgesser MD
jgolden@wgllp.com,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;gestrada@wgllp.com

Eric P Israel on behalf of Attorney Courtesy NEF
eisrael@DanningGill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com

Eric P Israel on behalf of Interested Party Courtesy NEF
eisrael@DanningGill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com

Eric P Israel on behalf of Plaintiff Jerry Namba, Chapter 7 Trustee
eisrael@DanningGill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com

Eric P Israel on behalf of Trustee Jerry Namba (TR)
eisrael@DanningGill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com

Tobias S Keller on behalf of Defendant Bentham IMF 1 LLC, a Delaware limited liability company
tkeller@kbkllp.com

Tobias S Keller on behalf of Defendant Security Finance 1 LLC, a Delaware limited liability company
tkeller@kellerbenvenutti.com

Ryan Landes on behalf of Creditor Quinn Emanuel Urquhart & Sullivan LLP
ryanlandes@quinnemanuel.com

Ryan Landes on behalf of Defendant Quinn Emanuel Urquhart & Sullivan, LLP
ryanlandes@quinnemanuel.com

David W. Meadows on behalf of Mediator Mediator          david@davidwmeadowslaw.com

Sabari Mukherjee on behalf of Attorney Courtesy NEF          notices@becket-lee.com

Jerry Namba (TR)
jnambaepiq@earthlink.net, jnambalaw@yahoo.com;jn01@trustesolutions.net;paknamba@gmail.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                F 9013-3.1.PROOF.SERVICE

Jennifer L Nassiri on behalf of Creditor Quinn Emanuel Urquhart & Sullivan LLP
jennifernassiri@quinnemanuel.com, bdelacruz@sheppardmullin.com

Jennifer L Nassiri on behalf of Defendant Quinn Emanuel Urquhart & Sullivan, LLP
jennifernassiri@quinnemanuel.com, bdelacruz@sheppardmullin.com

Keith C Owens on behalf of Creditor Laurence H. Levine
kowens@foxrothschild.com, khoang@foxrothschild.com

Keith C Owens on behalf of Defendant Laurence H. Levine, an individual
kowens@foxrothschild.com, khoang@foxrothschild.com

Uzzi O Raanan, ESQ on behalf of Plaintiff Jerry Namba, Chapter 7 Trustee
uraanan@DanningGill.com, DanningGill@gmail.com;uraanan@ecf.inforuptcy.com

Uzzi O Raanan, ESQ on behalf of Trustee Jerry Namba (TR)
uraanan@DanningGill.com, DanningGill@gmail.com;uraanan@ecf.inforuptcy.com

Michael H Raichelson on behalf of Creditor Sphere Alliance        mhr@cabkattorney.com

Todd C. Ringstad on behalf of Creditor Cardinal Collection Educational Foundation
becky@ringstadlaw.com, arlene@ringstadlaw.com

Todd C. Ringstad on behalf of Creditor John Skirtich
becky@ringstadlaw.com, arlene@ringstadlaw.com

Todd C. Ringstad on behalf of Creditor Martin Logies
becky@ringstadlaw.com, arlene@ringstadlaw.com

Todd C. Ringstad on behalf of Defendant The Cardinal Collection Educational Foundation, a California non-profit public benefit corporation
becky@ringstadlaw.com, arlene@ringstadlaw.com

Todd C. Ringstad on behalf of Defendant John Skirtich, an individual
becky@ringstadlaw.com, arlene@ringstadlaw.com

Todd C. Ringstad on behalf of Defendant Martin Logies, an individual
becky@ringstadlaw.com, arlene@ringstadlaw.com

Todd C. Ringstad on behalf of Interested Party Courtesy NEF
becky@ringstadlaw.com, arlene@ringstadlaw.com

Todd C. Ringstad on behalf of Interested Party INTERESTED PARTY
becky@ringstadlaw.com, arlene@ringstadlaw.com

Todd C. Ringstad on behalf of Interested Party Interested Party
becky@ringstadlaw.com, arlene@ringstadlaw.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                        F 9013-3.1.PROOF.SERVICE

George E Schulman on behalf of Plaintiff Jerry Namba, Chapter 7 Trustee
GSchulman@DanningGill.Com, danninggill@gmail.com;gschulman@ecf.inforuptcy.com

Kenneth John Shaffer on behalf of Creditor Quinn Emanuel Urquhart & Sullivan LLP
johnshaffer@quinnemanuel.com

Kenneth John Shaffer on behalf of Defendant Quinn Emanuel Urquhart & Sullivan, LLP
johnshaffer@quinnemanuel.com

Dara L Silveira on behalf of Defendant Bentham IMF 1 LLC, a Delaware limited liability company
dsilveira@kbkllp.com

Dara L Silveira on behalf of Defendant Security Finance 1 LLC, a Delaware limited liability company
dsilveira@kbkllp.com

Sonia Singh on behalf of Attorney Courtesy NEF
ssingh@ecjlaw.com, amatsuoka@ecjlaw.com,sgaeta@ecjlaw.com

Sonia Singh on behalf of Interested Party Courtesy NEF
ssingh@ecjlaw.com, amatsuoka@ecjlaw.com,sgaeta@ecjlaw.com

Sonia Singh on behalf of Plaintiff Jerry Namba, Chapter 7 Trustee
ssingh@ecjlaw.com, amatsuoka@ecjlaw.com,sgaeta@ecjlaw.com

Jennifer R Steeve on behalf of Creditor Senior Operations LLC
jsteeve@rshc-law.com, ehellwig@rshc-law.com

Kevin M. Sullivan on behalf of Debtor Super98, LLC

Kevin M. Sullivan on behalf of Interested Party Barbara J Roberts

Michael A Sweet on behalf of Defendant Laurence H. Levine, an individual
msweet@foxrothschild.com, swillis@foxrothschild.com;pbasa@foxrothschild.com

John N Tedford, IV on behalf of Plaintiff Jerry Namba, Chapter 7 Trustee
jtedford@DanningGill.com, danninggill@gmail.com;jtedford@ecf.inforuptcy.com

John N Tedford, IV on behalf of Trustee Jerry Namba (TR)
jtedford@DanningGill.com, danninggill@gmail.com;jtedford@ecf.inforuptcy.com

United States Trustee (ND)    ustpregion16.nd.ecf@usdoj.gov

Timothy J Yoo on behalf of Attorney Courtesy NEF        tjy@lnbyb.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                    F 9013-3.1.PROOF.SERVICE

## 2.  SERVED BY U.S. MAIL

Debtor
Super98, LLC
345 Rimrock Road
Thousand Oaks, CA 91361

Attys. for Debtor
Kevin M. Sullivan
Law Office of Kevin M. Sullivan
351 California Street, Suite 300
San Francisco, CA 94104

The Honorable Deborah J. Saltzman
U.S. Bankruptcy Court
Roybal Federal Building
255 E. Temple Street, Suite 1634
Los Angeles, CA 90012

Buyer
DC Aviation, LLC, a Washington Limited
Liability Company
1200 Westlake Ave., Suite 200
Seattle, WA 98109

State of California
Employment Development Department
Bankruptcy Group MIC 92E
P. O. Box 826880
Sacramento, CA 94280-0001

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**